Kinkade, J.
 

 This is an action brought by minority stockholders of a corporation, owning more than one-third of the capital stock, to secure a dissolution on the grounds that the corporation is insolvent and that this dissolution will benefit ■ all the stockholders. The action is based upon Section 11938
 
 et seq.
 
 of' the General Code, which section provides, among other things, as follows:
 

 “Sec. 11938.
 
 When Corporation may Petition for Dissolution.
 
 When a majority of the directors, trustees, or other officers having the management
 
 *609
 
 of the concerns of a corporation, or stockholders representing not less than one-third of the capital stock of a corporation, organized under the laws of this state, discover that the stock property, and effects of the corporation have been so far reduced, by losses or otherwise, that it will not be able to pay all just demands for which it is liable, or to afford a reasonable security to those who deal with it, or deem it beneficial to the interests of the stockholders that the corporation be dissolved; * * * or when the objects of the corporation have wholly failed, or are entirely abandoned, or their accomplishment is impracticable, they may apply by petition to the common pleas court of the county, or the superior court of the city or county, in which the principal place of conducting the business of the corporation is situated, for its dissolution pursuant to the provisions of this chapter.”
 

 The plaintiffs filed their petition January 20, 1923, in the court of common pleas of Putnam county, averring therein that the Sentinel Publishing Company, one of the defendants, was an Ohio corporation, duly formed in 1903, with a capital stock of $15,000, divided into 150 shares of $100 each; that the object and purpose of the corporation was to publish a local newspaper at Ottawa and its vicinity, and to do a general job-printing business in connection therewith; that during the next 15 years following, the general management of the business of the corporation was in the hands and under the control of the plaintiff, Sandies, who was during that time the editor in chief of the newspaper; that during all of the period of 15
 
 *610
 
 years the affairs of the corporation continued to be in a prosperous condition, and that annually for this period the company paid to its stockholders dividends of not less than 6 per cent., and in some of the years these dividends ran as high as 15 per cent.; that about December 1, 1917, a change in the ownership of the capital stock of the company took place, which resulted in a majority of the capital stock passing into the ownership of parties who did not favor the continuance of the plaintiff Sandies as manager of the business of the company; that, after the retirement of Sandies and the installation of other persons as officers and directors of the company, the business of the company, by reason of inefficient, unskillful, and reckless management of its affairs, and misappropriation of its property and moneys by those in charge, greatly depreciated in amount, and in value as well, so that at the time of the filing of plaintiffs’ petition the company was insolvent.
 

 Plaintiffs averred that only one dividend had been paid upon the capital stock after the retirement of Sandies, and that that dividend, of 1 per cent, only, was paid in the year 1921. Plaintiffs further averred that the assets of the company were rapidly depreciating.
 

 Plaintiffs also averred that, although they were continued as directors of the company, they were denied the rights and privileges of directors, and of stockholders as well, with reference to the business of the company, and further stated that the assets of the company were in danger of being entirely lost, unless the company be dissolved by an
 
 *611
 
 order of the court, which they averred would be for the best interests of all the stockholders.
 

 The defendants denied the insolvency, mismanagement, and misappropriation of moneys and property, as alleged; denied that the plaintiffs had been refused any of their rights and privileges as directors or stockholders; averred that the company was entirely solvent, and that its business was in a proper condition; and denied that an order of dissolution would benefit the stockholders.
 

 The court of common pleas appointed a referee to take the testimony and report his conclusions of fact and law to the court. After a full hearing, the referee filed his report. All of his findings of fact were against the contentions of the plaintiffs and in accord with the averments of the answer of the defendants. He found that the company was solvent, and that it would not be for the best interests of the stockholders to have the company dissolved, as prayed for in the plaintiffs’ petition, and his conclusion from his findings was that the petition of the plaintiffs should be dismissed at their costs. The referee’s findings were confirmed by the court of common pleas and judgment rendered accordingly, which judgment was affirmed by the Court of Appeals.
 

 It will be seen from the foregoing statement that the case was one of fact, almost entirely. If the plaintiffs had been able to satisfy the referee and the courts below that the facts were as alleged in their petition, manifestly an order of dissolution would have promptly followed the hearing before the referee. This plaintiffs were unable to do.
 

 There is evidence in the record tending to sus
 
 *612
 
 tain each of the findings and the conclusion of the referee. The report of the referee, confirmed by the court of common pleas, is the equivalent of a verdict by a jury sustained by the trial court.
 

 Plaintiffs in error, in their brief in this court, say:
 

 “The petitioners predicate their right to the relief sought in this proceeding upon two of the grounds set out in Section 11943, General Code, authorizing the court to enter a judgment dissolving a corporation:
 

 “First. The insolvency of the corporation.
 

 “Second. That such order or judgment would be beneficial to the stockholders.”
 

 We find no prejudicial error in the record, and the judgments of the lower courts will be affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Jones and Day, JJ., concur.
 

 Robinson, J., not participating.